**Harry HAYDEN et al.,
Plaintiffs-Appellants,**

v.

**WALSTON & CO., INC., et al.,
Defendants-Appellees.**

**No. 73–2133.**

United States Court of Appeals,
Ninth Circuit.

Dec. 29, 1975.

Henry A. Carey, Carey & Stoll, Portland, Or., for plaintiffs-appellants.

Donald Joe Willis, Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, Or., for defendants-appellees.

## OPINION

Before KOELSCH, BROWNING and GOODWIN, Circuit Judges.

PER CURIAM:

This is an appeal from the dismissal with prejudice of appellants' second amended complaint.

Appellants were solicited by and purchased stock through a salesman employed by the defendant Walston & Co., who at the time was unlicensed to sell securities and was not registered as a "representative" with the National Association of Securities Dealers, as required by NASD rules applicable to member associations such as Walston & Co.[1] *See* Article XV, § 2 Bylaws, National Assn. of Securities Dealers, Inc., CCH NASD Manual ¶ 1622. On the basis of this fact alone, appellants seek to state a federal claim to recover their losses on the stock, their state law claim now being barred by limitations. We agree with the district court that no federal claim is presented, and affirm the dismissal.

Appellants' Rule 10b–5 claim is unavailing. The rule proscribes omissions of those material facts "necessary . . . to make the statements made, in the light of the circumstances under which they were made, not misleading . . . ." Absent any allegations in the complaint of circumstances which might have caused the salesman's failure to reveal his unlicensed status to render his other statements misleading to the appellants, we agree with the district court that the omission is immaterial as a matter of law.

Likewise unavailing is appellants' attempt to predicate a private cause of action on violation of the NASD rule requiring registration of salesmen. Even assuming that 15 U.S.C. § 78aa, the only possible source of federal jurisdiction available to appellants, can be

---

1. Walston & Co. is a properly registered member of the NASD, a national securities association registered pursuant to § 15A of the Securities Exchange Act of 1934, 15 U.S.C. § 78o–3.

construed to confer jurisdiction to entertain a suit based on violation of NYSE or NASD rules, *compare McMaster Hutchinson & Co. v. Rothschild & Co.,* CCH Fed.Sec.L.Rep. ¶ 93,541 (N.D.Ill. 1972), *with Buttrey v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 410 F.2d 135, 142 (7th Cir. 1969), *cert. denied,* 396 U.S. 838, 90 S.Ct. 98, 24 L.Ed.2d 88 (1969); *see Colonial Realty Corp. v. Bache & Co.,* 358 F.2d 178 (2d Cir. 1966), *cert. denied,* 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966), we are clear that the registration provision is not the type of association rule from which a private cause of action should be implied. *See Colonial Realty, supra,* at 182. While registration inures to the benefit of the public generally by assuring professional competence, the requirement does not set a duty with respect to a particular securities transaction the breach of which tortiously interferes with the customer's rights. The customer may receive thoroughly competent service from an unregistered salesman, and be unharmed by violation of the rule. If not, the customer has adequate remedies for specific conduct under existing law. *See* Lowenfels, *Implied Liabilities Based Upon Stock Exchange Rules,* 66 Colum. L.Rev. 12, 28–29 (1966); Note, *Implied Civil Liability Arising From Violation of the Rules of the National Association of Securities Dealers,* 8 Loyola L.Rev. 151 (1975). *See Architectural League of New York v. Bartos,* 404 F.Supp. 304 (S.D.N.Y.1975), and cases cited therein; *Wells v. Blythe & Co., Inc.,* 351 F.Supp. 999 (N.D.Cal.1972).

Affirmed.