Myra GROSS, Plaintiff,

v.

DIVERSIFIED MORTGAGE INVES-TORS, Ray C. Wilson, Julius Jensen, III, M. J. Wallace, N. W. Wallace, Gordon E. Emerson, Jr., George M. Lovejoy, Jr., James V. Rice, Blancke Noyes, Bayard Henry, William Royce Moore, William E. Palmer, Bernard O. Snoddy, R. M. Norris, Diversified Advisers, Inc., Continental Investment Corp. and Price Waterhouse & Co., Defendants.

Harry LEWIS, Plaintiff,

v.

Gordon E. EMERSON, Jr., Bayard Henry, Bernie O. Snoddy, Julius Jensen, III, George M. Lovejoy, Jr., William Royce Moore, Blancke Noyes, James V. Rice, M. J. Wallace, N. W. Wallace, Diversified Mortgage Investors, Diversified Advisers, Inc., Price Waterhouse & Co., Continental Investment Corporation and W. Corporation, Defendants.

Abraham WECHSLER, on behalf of himself and all others similarly situated, Plaintiff,

v.

DIVERSIFIED MORTGAGE INVES-TORS, Continental Investment Corp. and Diversified Advisers, Inc., Defendants.

Michael C. DUBAN, Individually and as Trustee for Saul and Gertrude Duban U/T/D March 6, 1972, and Roberta Duban as Custodian for Lauren Duban and Melissa Duban, minors, on behalf of themselves and as a Class, Plaintiffs,

v.

DIVERSIFIED MORTGAGE INVES-TORS, Ray C. Wilson, Julius Jensen, III, M. J. Wallace, N. W. Wallace, Gordon E. Emerson, Jr., George M. Lovejoy, Jr., James V. Rice, Blancke Noyes, Bayard Henry, William Royce Moore, William E. Palmer, Bernie O. Snoddy, R. M. Norris, Diversified Advisers, Inc., Continental Investment Corp., Hornblower & Weeks-Hemphill, Noyes Incorporated, Price Waterhouse & Co., Sherman Simanowitz and Morton Meadow, Defendants.

Anne MEYER, on behalf of herself and as a Class, Plaintiff,

v.

DIVERSIFIED MORTGAGE INVES-TORS, Ray C. Wilson, Julius Jensen, III, M. J. Wallace, N. W. Wallace, Gordon E. Emerson, Jr., George M. Lovejoy, Jr., James V. Rice, Blancke Noyes, Bayard Henry, William Royce Moore, William E. Palmer, Bernie O. Snoddy, R. M. Norris, Diversified Advisers, Inc., Continental Investment Corp., Hornblower & Weeks-Hemphill, Noyes Incorporated, and Price Waterhouse & Co., Defendants.

Nos. 75 Civ. 1806, 75 Civ. 1001, 75 Civ. 1745, 74 Civ. 3035 and 77 Civ. 368.

United States District Court, S. D. New York.

Sept. 14, 1977.

Snow & Becker, New York City, for plaintiffs Duban & Meyer; Charles Snow, New York City, of counsel.

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff Gross; Marian Probst, New York City, of counsel.

Stull, Stull & Brody, New York City, for plaintiff Lewis; Jules Brody, Robert A. Stull, New York City, of counsel.

Kass, Goodkind, Wechsler & Gerstein, New York City, for plaintiff Wechsler; Samuel K. Rosen, New York City, of counsel.

Cole & Deitz, New York City, for defendants Continental Investment Corp. and Diversified Advisers, Inc.; Albert D. Jordan, Robert M. Kerrigan, New York City, of counsel.

Burns, Jackson, Miller, Summit & Jacoby, New York City, for defendants DMI and certain individual defendants; Peter M. Saparoff, Gary L. Maddock, New York City, of counsel.

Gaston Snow and Ely Bartlett, Boston, Mass., for defendants DMI and certain individual defendants.

Eliot H. Lumbard, New York City, for defendants Hornblower & Weeks-Hemphill Noyes Inc. and Blancke Noyes.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for defendant Price Waterhouse & Co.; Hugh N. Fryer, M. Pat Adamski, New York City, of counsel.

GAGLIARDI, District Judge.

The complaints in all five of these actions, brought under the Securities Exchange Act of 1934 ("Exchange Act") and pendent state claims on behalf of certain purchasers of the stock of Diversified Mortgage Investors ("DMI"), were ordered dismissed with leave to replead in accordance with the court's memorandum decision of February 25, 1977, *Gross et al. v. DMI, et al.*, D.C., 431 F.Supp. 1080. Defendants again move to dismiss all or parts of four of the five complaints filed in this action. The fifth complaint, in the *Lewis v. Emerson*, 75 Civ. 1001, action, has been answered by the defendants.

Generally, the defendants move, among other grounds, pursuant to Rule 12(b)(6) Fed.R.Civ.P. to dismiss the four complaints for failure to set forth with particularity the facts and circumstances constituting fraud as required by Rule 9(b) Fed.R.Civ.P. All of the defendants, except Price Waterhouse & Co. ("Price Waterhouse") who moves separately to dismiss, discussed *infra*, join in this motion. Because the amended

complaints in the four actions are very similar in their method of pleading, their language and the reports and documents they rely upon as being false and misleading, the court's general discussion and decision applies to all four actions.

The court's memorandum decision of February 25, 1977 found that the amended complaint in the *Duban* action, 74 Civ. 3035, alleged fraud with the particularity required by Rule 9(b) beginning December 6, 1973. Examining the new complaints filed as a result of that memorandum decision, the court finds that the other complaints also adequately allege fraud beginning with that date.

 Such a decision is reached with serious reservations about the method of pleading adopted in these complaints. Plaintiffs have each set out a collection of diverse and lengthy quotations and assertions based on defendants' reports and documents spanning a period of years. These lengthy quotations do not satisfy the particularity requirement of Rule 9(b) and are contrary to Rule 8(a)'s, Fed.R.Civ.P., requirement that the complaint contain a short and plain statement of the claim. At the end of all of these quotations and assertions, plaintiffs set out a list of defects which allegedly apply to all of these diverse materials. Plaintiffs do not attempt to correlate these alleged defects with the specific reports or financial statements which allegedly conveyed this information or failed adequately to disclose it. As a result, plaintiffs have not succeeded in meeting the requirements of this court's memorandum decision to set forth the manner in which each financial statement and report is alleged to have been fraudulent and to identify in what respects each particular statement and report was false or misleading or what omissions were made and why the statements made are believed to be misleading. Memorandum Decision at 8, 17, citing *Felton v. Walston & Co., Inc.*, 508 F.2d 577 (2d Cir. 1974); *Rich v. Touche Ross & Co.*, 68 F.R.D. 243, 246–47 (S.D.N.Y.1975); *Spiegler v. Wills*, 60 F.R.D. 681, 682 (S.D.N.Y.1973);

*Goldberg v. Shapiro*, CCH Fed.Sec.L.Rep. ¶ 94,813 at 96,717 (S.D.N.Y.1974). Nonetheless, as to the period beginning with the defendants' news release of December 6, 1973, while the allegations are not as specific as might be desired, the court can see a sufficient nexus between the documents alleged to be false or misleading and the manner they are allegedly false or misleading to defeat a motion to dismiss. These averments, while not exemplary, go beyond the conclusory allegations of the prior complaints forbidden by Rule 9(b). Further specification is a task deferred to the discovery stage of the litigation.

Plaintiffs have much more difficulty defeating the motion to dismiss with respect to pre-December 6, 1973 reports or statements relied upon in their complaints. Plaintiffs concede that the most aggravated period of defendants' alleged fraud occurred around the December, 1973 period when the oil crisis and its effect on real estate ownership became apparent to the business community and when DMI issued releases indicating they were better able to deal with the resultant market fluctuations than other real estate investment trusts (REIT). Prior to December, 1973, the alleged fraud is more attenuated and fewer, if any, of the concluding list of alleged defects apply to the earlier reports. So, for example, the effect of the oil crisis could not be anticipated at the time of the 1970 or 1971 DMI Annual Reports.

After a careful examination of the complaints in these actions and the quotations from the Annual Reports, the court reaches the following conclusions. As to the 1972 Annual Report, with among other allegedly fraudulent statements its emphasis on the attractiveness of intermediate term and mini-perm loans without disclosure of their alleged risks, plaintiffs have sufficiently alleged particular fraud and connected the report to the fraud to defeat a motion to dismiss. As to the 1972 Form 10–K filed with the Securities and Exchange Commission ("SEC") pursuant to Section 13 of the

Exchange Act, 15 U.S.C. § 78m, and all reports and financial statements prior to the 1972 Annual Report referred to in the amended complaints, defendants' motions to dismiss will be granted. The manner of the fraud alleged in these early reports is unclear from the complaints. The only identifiable omission alleged generally as to all reports and statements is that they failed to record loan losses in amounts adequate to provide for foreseeable losses. These allegations of wrongdoing are not supported and in the absence of circumstances fairly supporting an inference of impropriety they remain only bare assertions without the specificity required by Rule 9(b). *See Lewis v. Black*, CCH Fed.Sec.L.Rep. ¶ 95,638 at 90,167 (E.D.N.Y.1976); *Segal v. Coburn Corp. of America*, CCH Fed.Sec.L.Rep. ¶ 94,002 at 94,020–21 (E.D.N.Y.1973). Plaintiffs have failed to identify in what manner and in what particular respects this omission or any other statement or omission in these particular early documents was fraudulent. A general allegation spanning several years cannot be expansively applied to the early years where there is no indication of such fraud.

■ As a result, defendants' motions to dismiss are granted insofar as those portions of plaintiffs' amended complaints referring to the 1972 DMI Form 10–K and to all reports and statements issued prior to the 1972 DMI Annual Report are ordered stricken. While the court is doubtful that plaintiffs will be able to replead as to these early documents with the particularity required by Rule 9(b), it will not at this stage of the litigation dismiss with prejudice. Following the law in this Circuit in *Lowenschuss v. Kane*, 520 F.2d 255, 263 (2d Cir. 1975) and *Mooney v. Vitolo*, 435 F.2d 838, 839 (2d Cir. 1970), plaintiffs, who have not had extensive access to the records of defendants and have only been given one opportunity to replead, cannot have their claims dismissed without leave to amend. *See Felton v. Walston and Co., Inc., supra* at 580, 582 (dismiss with prejudice fourth amended complaint after three unsuccessful attempts to replead). Plaintiffs, if they seek to replead, are given 20 days to plead with the particularity required by Rule 9(b) in accordance with this decision and the court's prior memorandum decision as to each of the individual documents dismissed. If plaintiffs upon repleading fail to meet the requirements of Rule 9(b), those portions of their complaints will be dismissed without leave to amend.

## PRICE WATERHOUSE

■ Defendant Price Waterhouse's only motions are in the *Duban, Meyer* and *Gross* actions pursuant to Rule 12(b)(6) to dismiss these amended complaints as to it for failure to allege fraud with particularity as required by Rule 9(b). The court's memorandum decision of February 25, 1977, pp. 1088–1089, set out the pleading requirements of this Circuit under Rule 9(b) with respect to accountant defendants. While Rule 9(b) does not insulate accountants from claims of fraud where a complaint alleges the fraudulent acts with particularity, these complaints do not comply with this court's memorandum decision and do not satisfy the requirements of Rule 9(b).

The complaints fail to delineate the extent of the participation and responsibility of Price Waterhouse in any of the alleged errors or omissions. Plaintiffs only generally allege that the reserves for losses recorded over several years were not adequate. As already set forth, *supra*, such a general conclusory allegation does not satisfy Rule 9(b). *See Lewis v. Black, supra* ; *Segal v. Coburn Corp. of America, supra* (complaints alleging an overstatement of earnings due to failure to provide proper reserves for anticipated losses were dismissed for lack of specificity.) This allegation is particularly insufficient as to Price Waterhouse in that it fails to allege facts and circumstances constituting fraud specifically on the part of Price Waterhouse. *See Rich v. Touche Ross & Co., supra*, 68

F.R.D. at 246–47; *Goldberg v. Shapiro, supra*, at 96,717. Dealing with all the defendants as a group without delineating what role Price Waterhouse had with respect to the various documents referred to in the amended complaint does not satisfy Rule 9(b).

█ · Plaintiffs in all three actions concede in their briefs that they are not charging Price Waterhouse with conducting a fraudulent audit of DMI. Rather they claim that Price Waterhouse certified financial statements over several years with knowledge and in possession of facts which led or should have led to knowledge that the financial statements were false and misleading. Such a general conclusory allegation of fraud is not in compliance with Rule 9(b). To satisfy Rule 9(b) plaintiffs must specify in what respects each of the statements were false and misleading, and the factual basis for believing Price Waterhouse acted fraudulently and was responsible.

Defendant Price Waterhouse's motion to dismiss the amended complaints as to it is granted with leave to plaintiffs to replead within 20 days from the date of filing of this memorandum decision and order. Such repleading should be in accordance with this memorandum decision and order and the court's February 25, 1977 memorandum decision. Particular attention should be paid to the specificity required as to Price Waterhouse's participation and fraud with respect to the early DMI documents referred to in the court's decision to dismiss on behalf of the other defendants as to these early documents.

### SECTION 18 OF THE EXCHANGE ACT

█ Defendants move to dismiss the complaints in the *Duban, Meyer* and *Wechsler* actions insofar as they allege a claim under § 18 of the Exchange Act, 15 U.S.C. § 78r. The court's memorandum decision of February 25, 1977, pp. 1093–1094, stated that to establish a claim under § 18, "plain-

tiffs must allege actual reliance upon a false or misleading 'statement in any application, report, or document filed [with the SEC] pursuant to this title . . .' 15 U.S.C. § 78r(a); *see Heit v. Weitzen*, 402 F.2d 909, 914 (2d Cir. 1968), *cert. denied*, 395 U.S. 903 (1969); *Barotz v. Monarch General, Inc.*, CCH Fed.Sec.L.Rep. ¶ 94,933 at 97,237 (S.D.N.Y.1975)." Despite the court's specific instructions, plaintiffs have failed to allege that they actually read the filed document or documents. Such "eyeball reliance" is required under § 18 and a mere allegation of "reliance" or "constructive reliance" is insufficient. As a result, plaintiffs' § 18 claims are dismissed with leave to replead within 20 days of the filing of this memorandum decision and order.

Defendants also move to dismiss plaintiffs' § 18 claims for failure to affirmatively plead compliance with the required statute of limitations periods. The statute of limitations' provision § 18(c), 15 U.S.C. § 78r(c), provides:

> No action shall be maintained to enforce any liability created under this section unless brought within one year after the discovery of the facts constituting the cause of action and within three years after such cause of action accrued.

Defendants assert that under the legislatively enacted securities laws creating causes of action which did not exist under prior law, plaintiffs' complaints must affirmatively show compliance with the applicable statute of limitations or be dismissed. *Chambliss v. Coca Cola Bottling Corp.*, 274 F.Supp. 401 (E.D.Tenn.1967), *aff'd*, 414 F.2d 256 (6th Cir. 1969), *cert. denied*, 397 U.S. 916, 90 S.Ct. 921, 25 L.Ed.2d 97 (1970). In that plaintiffs' § 18 claims must already be dismissed for failure to allege "eyeball reliance" with leave to replead, plaintiffs, if they elect to replead, shall affirmatively plead compliance with § 18's limitations periods. The court notes that compliance with these limitations periods may be difficult in the *Meyer* action. The original *Meyer* complaint filed in January, 1977 did not

include a § 18 claim. The amended complaint with a § 18 claim was filed in May, 1977. Meyer purchased her shares between January, 1971 and December, 1973 and the disclosure of misstatements and omissions is recognized in the other complaints to have occurred in September, 1974.

■ Defendants further seek to dismiss the § 18 claims in these actions insofar as they rely on the March, 1973 prospectus of DMI. As plaintiffs' amended complaints clearly state, the prospectus was filed with the SEC as part of a Registration Statement pursuant to the Securities Act of 1933. A claim based on § 18 of the 1934 Act requires that the document relied on be filed pursuant to the 1934 Act. *Forrestal Village, Inc. v. Graham*, CCH Fed.Sec.L. Rep. ¶ 95,428 (D.D.C.1976). Therefore, because the 1973 prospectus was not so filed, defendants' motions to dismiss those parts of plaintiffs' § 18 complaints that rely on the 1973 prospectus are granted with prejudice.

## CLASS ACTION AND CONSOLIDATION

The court in its memorandum decision of February 25, 1977 stayed determination of certain plaintiffs' motions for class action certification and certain defendants' motions for consolidation of these actions for pre-trial purposes. Because of the decision herein to dismiss parts of the amended complaints in four of the actions, the court reserves decision on the class action and consolidation motions and extends the time to reply to these motions until 20 days after the filing of the second amended complaints. In this way the court may determine these motions and the adequacy of the complaints with respect to all the defendants at the same time. In the meantime, plaintiffs in the *Lewis v. Emerson* action shall be allowed merit discovery while these motions are pending.

## WECHSLER v. DMI

The original complaint in the *Wechsler* action failed to allege when plaintiff purchased shares of DMI. The court dismissed the complaint on that ground, among others, with leave to replead. Plaintiff's amended complaint alleges that he purchased his DMI shares on February 2, 1973. Defendants move to strike those parts of plaintiff's amended complaint that allege reliance upon reports and statements of DMI issued after his purchase date. Plaintiff seeks to represent a class of persons who purchased shares between April, 1972 and September, 1974.

Section 10(b) of the Exchange Act of 1934 requires that the alleged fraud must be "in connection with the purchase or sale of any security . . ." A similar requirement of reliance exists under § 18 of the 1934 Act. In this case there can be no reliance or connection between plaintiff's purchase transaction and reports and statements issued after his purchase. However, while the court does not at this time decide, plaintiff may be able to represent those members of his proposed class who purchased shares after February 2, 1973 in reliance upon reports and statements issued after that date that contained the same misrepresentations or omissions that allegedly existed in the documents he relied upon. *Green v. Wolf Corp.*, 406 F.2d 291, 299 (2d Cir. 1968), *cert. denied*, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969); *Simon v. Westinghouse Electric Corp.*, 73 F.R.D. 480 (E.D.Pa.1977). Such representation would only be with respect to the common misrepresentations or omissions.

This court, in reviewing plaintiff's complaint, cannot determine what, if any, are the common misrepresentations or omissions. Plaintiff has alleged a series of different nondisclosures and misrepresentations concerning various aspects of DMI's business. Each document quoted or cited is different in content and is alleged to contain different fraudulent statements or omissions. The court has already dismissed, with leave to replead, the references in all of the amended complaints to the 1972 DMI Form 10–K and to documents issued prior

to the 1972 DMI Annual Report, noting that these early documents, distant in time from the alleged aggravated period of fraud in 1973–74, alleged fraud without particularity.

As a result, defendants' motion to strike those portions of the *Wechsler* complaint that refer to documents issued after February 2, 1973 is granted. Plaintiff is given 20 days from the date of the filing of this memorandum decision and order to file an amended complaint alleging only the misrepresentations or omissions in documents issued after February 2, 1973 that are the same as those relied upon by the plaintiff in making his purchase of DMI shares. Such repleading should be with reference to the early DMI documents[1] that have been stricken from the amended complaint with leave to replead in accordance with the Rule 9(b) part of this decision, *supra.*

### DUBAN v. DMI

 Defendant William Palmer again moves to dismiss on the ground that he was not a trustee of DMI at the time of the alleged wrongdoing. Palmer resigned as a trustee of DMI effective as of March 19, 1973. As already set forth, plaintiffs have alleged fraud with particularity beginning with the 1972 DMI Annual Report. While the issuance date of that report may have been a short time after Palmer resigned, insofar as he may have been involved with the alleged misstatements or omissions in that report, plaintiffs' claim against him cannot be dismissed. A determination of Mr. Palmer's involvement requires further discovery and must be deferred to a later stage of this litigation. Therefore, the motion to dismiss as to William Palmer is denied without prejudice to renew.

### MEYER v. DMI

Defendants move to dismiss plaintiff's claims alleging violations of § 10(b), Rule 10b–5, and § 20 of the Exchange Act as being barred by the applicable statute of limitations. Defendants assert that plaintiff's claims based on purchases in the January 27, 1971–December, 1973 period are barred by the two-year Florida Blue Sky Law limitations statute § 517.21(1) (1931, as amended 1971) which provides in pertinent part, ". . . provided, that no action shall be brought for the recovery of the purchase price after two years from the date of such sale . . ." *See Nortek, Inc. v. Alexander Grant & Co.,* 532 F.2d 1013, 1015 (5th Cir. 1976, *cert. denied,* 429 U.S. 1042, 97 S.Ct. 742, 50 L.Ed.2d 754 (1977); *Hudak v. Economic Research Analysis, Inc.,* 499 F.2d 996, 1000 (5th Cir. 1974), *cert. denied,* 419 U.S. 1122, 95 S.Ct. 805, 42 L.Ed.2d 821 (1975) (Florida Blue Sky Law § 517.301(1) with its two-year statute of limitations controls Florida Federal suits under the securities laws). Plaintiff, however, claims that her action was timely commenced on January 26, 1977 as governed by New York's six-year statute of limitations for fraud, CPLR § 213(8).

In that the provisions of the federal statute sued upon do not specify a limitations period, this court, in determining whether the action has been timely commenced must apply the statute of limitations of the forum state, New York. *Cope v. Andersen,* 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947), *UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 703–04, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); *Arneil v. Ramsey,* 550 F.2d 774, 779 (2d Cir. 1977). Reference to New York law to determine whether the action is timely includes reference to its "borrowing statute," New York CPLR § 202. *Cope v. Andersen, supra; Sack v. Low,* 478 F.2d 360, 365 (2d Cir. 1973). That statute provides:

An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where

---

1. It is unclear from the complaints what date the 1972 DMI Annual Report was issued. If it was issued after February 2, 1973 then the *Wechsler* complaint is dismissed in its entirety with leave to replead.

the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

As noted in *Korn v. Merrill*, 403 F.Supp. 377 (S.D.N.Y.1974), aff'd, 538 F.2d 310 (2d Cir. 1976) and *Arneil v. Ramsey*, 414 F.Supp. 334, 337 (S.D.N.Y.1976), aff'd, 550 F.2d 774 (2d Cir. 1977), a New York court will borrow the limitations law of a foreign state *only* where (1) the cause of action being sued upon accrued outside of New York, *and* (2) the plaintiff is not a resident of New York.

As to the first condition, the Second Circuit in *Sack v. Low, supra*, at 365, held that New York would follow the rule of the First Restatement of Conflicts § 377, note 4, that ". . . when a person sustains loss by fraud, the place of wrong is where the loss is sustained, not where fraudulent representations are made." The court went on to state that ". . . loss from fraud is deemed to be suffered where its economic impact is felt, normally the plaintiff's residence." *Id.* at 366; *accord, Arneil v. Ramsey, supra*, 414 F.Supp. at 338, aff'd, 550 F.2d at 779.

Applying this test to the facts of this case, the court does not have sufficient facts to enable it to decide whether the New York or Florida statute of limitations should apply. The only facts introduced and accepted as true for this motion to dismiss are in ¶ 7 of plaintiff's amended complaint:

> The plaintiff Anne Meyer has resided in Florida since January 1974. She resided in the State of New York for many years prior to the events giving rise to this action through September 30, 1971; in Florida for the period October 1971 through March 1972; and in New York State from March 1972 through December 1973.

As in *Sack v. Low, supra*, where the Second Circuit reversed a district court's granting of summary judgment because that court did not have enough facts to definitively decide which statute of limitations applied,

what statute to apply might depend on the way the securities were handled and ". . . if the plaintiffs maintained an open account at defendants' New York offices, and the loss was reflected in that account." *Id.* at 367–68. More fundamentally, since the plaintiff in this case has resided in New York and Florida over the last six years, the place where her loss was sustained and therefore where the cause of action accrued has not been established.

The second condition, whether plaintiff is a resident of New York, has also not been definitively established. While she is now a resident of Florida, it is not clear that at all relevant times she has been a Florida resident.

■ As a result the court cannot decide at this time whether to apply the Florida or New York statute of limitations and defendants' motion to dismiss on the ground that the Florida statute of limitations bars plaintiff's action must be denied without prejudice to renew.

■ Defendants also move to dismiss plaintiff Meyer's claim under § 20 of the Exchange Act of 1934, 15 U.S.C. § 78t. While plaintiff's original complaint in ¶ 30 made certain allegations with respect to "controlling persons of the trust and its affiliated companies," the amended complaint deletes all these references and nowhere makes the barest allegation about the involvement of "controlling persons" as required by § 20. As a result, defendants' motion is granted and plaintiff is given 20 days from the date of the filing of this memorandum decision and order to file an amended complaint to include identification of "controlling persons" and allegations as to their involvement in this litigation.

So Ordered.