Howard FINE, Plaintiff,

v.

Irwin RUBIN, et al., Defendants.

No. C–85–2335 EFL.

United States District Court,
N.D. California.

Aug. 20, 1985.

Carl Ahrens Price, Westmont, N.J., Milberg, Weiss, Bershad, Specthire & Leach, San Diego, Cal., Bernstein, Litowitz, Berger & Grossmann, New York City, for plaintiff.

Stephen M. Schatz, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, Cal., for defendants.

## ORDER RE MOTION TO DISMISS

LYNCH, District Judge.

This is an uncertified class action securities case brought by a purchaser of common stock of Computer Memories, Inc. ("CMI") during a public offering two years ago. Named as defendants are: (1) CMI and certain of its present and former directors and officers ("CMI defendants"); (2) a customer and principal shareholder of CMI, Intel Corporation, and one of Intel's vice-presidents, Lawrence Hootnick, who is also a member of CMI's Board of Directors ("Intel defendants"); and (3) a proposed class of all underwriters who participated in CMI's August 23, 1983 public offering ("underwriter defendants").

The amended complaint ("complaint") alleges claims under Sections 11 (Count I) and 12(2) (Count II) of the 1933 Securities Act, Section 10(b) of the Securities Exchange Act and Rule 10b–5 (Count III), common law fraud and deceit (Count IV), and negligent misrepresentation (Count V). Defendants move to dismiss the complaint in its entirety on the ground that it fails to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure, and to dismiss the federal securities laws counts on several independent grounds.

I. *Failure to tie alleged "omissions" under Section 11, Section 12(2), and Rule 10b–5 to particularized misleading statements*

The complaint is structured so as (1) to describe favorable representations about CMI made in the company's annual and interim reports and in the registration statement and prospectus filed in connection with the public offering (Complaint ¶¶ 41–47), and (2) to detail, in subsequent paragraphs, the facts that were allegedly misrepresented or not disclosed (Complaint ¶¶ 49(a)–(p)). Defendants contend that in order to plead an actionable omission under the securities laws, the complaint must specifically tie the information allegedly omitted to the particular statement rendered misleading because of the omission.

Although defendants cite a number of cases which stand for the general proposition that an omission cannot be misleading unless it adversely affects the reliability of other statements made to the purchaser, *see, e.g., Greenapple v. Detroit Edison Co.,* 468 F.Supp. 702, 708 (S.D.N.Y.1979), *aff'd,* 618 F.2d 198 (2d Cir.1980), none of

those cases require, as a matter of pleading, that the plaintiff draft his complaint so as to match in rigid succession each piece of omitted information with all of the statements allegedly rendered misleading. While dismissal may be appropriate where it is clear from the pleadings that the alleged omission could not possibly have been material, *see Hayden v. Walston & Co.*, 528 F.2d 901 (9th Cir.1975), or the allegations are so vague and conclusory as not to provide a "nexus between the documents alleged to be false or misleading and the manner they are allegedly false or misleading," *Gross v. Diversified Mortgage Investors*, 438 F.Supp. 190, 193 (S.D.N.Y. 1977), plaintiff's averments here are sufficient to inform defendants of the reasons why plaintiff contends that the alleged omissions were materially misleading.

II. *Failure to allege sufficient facts to support a "fraud on the market" theory under Rule 10b–5*

■ In his Rule 10b–5 cause of action, plaintiff does not plead actual reliance. Instead, he apparently seeks to rely upon a recognized exception to the reliance requirement by alleging that his stock was purchased on the open market and that the defendants perpetrated a "fraud on the market." To state this theory properly, defendants argue that plaintiff must either plead that the statements were false when made and for what reasons, or, if the statements only became misleading after they were made, when each statement became misleading and what development or fact made each statement misleading.

Plaintiff concedes in his opposition brief that he does not intend to predicate liability on the failure to correct statements rendered misleading because of information discovered after the statements were made. Rather, as his complaint appears to state quite clearly, plaintiff is relying exclusively on the theory that the defendants knew the statements were false at the time the documents were released. Moreover, contrary to defendants' assertion, plaintiff adequately alleges the reasons why such statements

were false and need not plead in any greater detail the basis for his allegation that defendants had knowledge of the falsity. *See Goldman v. Belden*, 754 F.2d 1059, 1070 (2d Cir.1985).

III. *Failure to allege a buyer-seller relationship between plaintiff and defendants under Section 12(2)*

■ In order to establish the requisite degree of privity under Section 12(2), the Ninth Circuit requires that the defendant have been a "substantial factor" in the sale of the securities. *Admiralty Fund v. Jones*, 677 F.2d 1289, 1294 (9th Cir.1982). Although the meaning of the "substantial factor" test has not been clearly set forth by the Court of Appeal, several well-reasoned decisions in this District have construed it narrowly to require that the defendant "play a substantial role in the process leading to the *specific* sales transaction in issue." *In re Diasonics Sec. Litig.*, 599 F.Supp. 447, 458 (N.D.Cal.1984) (Peckham, C.J.) (emphasis added). *See also In re Fortune Sys. Sec. Litig.*, 604 F.Supp. 150, 160–64 (N.D.Cal.1984) (Orrick, J.); *Hudson v. Capital Management Int., Inc.* [1983–1984 Binder] Fed.Sec.L.Rep. (CCH) ¶ 99,222 at 95,904 (N.D.Cal.1982) (Patel, J.).

■ Plaintiff's factual allegations regarding the involvement of the CMI defendants in the sale of stock to plaintiff consist of the following: drafting the registration statement and prospectus, signing the registration statement, and entering into agreements with the underwriters (Complaint ¶ 62(a)–(c)). As the cases cited above make clear, a Section 12(2) claim against the issuing corporation and its officers and directors may not be based solely upon the activities alleged here. To permit the case to go forward on these facts alone would be "tantamount to holding that a corporation participates for purposes of § 12 in every open-market transaction in its shares." *Deneau v. Walter*, No. C–82–3132 MHP, slip op. at 4 (N.D.Cal. Sept. 30, 1983). The statute does not contemplate such an extension of liability. The CMI

defendants are therefore dismissed with prejudice from Count II.

■ Plaintiff's claims against two of the underwriter defendants, Prudential-Bache Securities, Inc. ("Bache") and Cable, Howse & Ragen ("Cable"), are similarly inadequate to establish a basis for liability under Section 12(2). To hold these defendants liable, there must be an allegation that the firms sold stock to plaintiff. *In re Fortune Sys.*, 604 F.Supp. at 160 n. 20, 161–62. Because it is clear from the complaint that plaintiff bought all of his stock from Ladenburg, Thalman & Co., Inc., Bache and Cable must be dismissed with prejudice from Count II.

Finally, for all of the reasons discussed above, it is apparent that plaintiff's allegations against the Intel defendants are wholly inadequate to state a cause of action against those defendants under Section 12(2). The Intel defendants are therefore also dismissed with prejudice from Count II.

IV. *Failure to plead fraud with particularity*

Defendants object to the sufficiency of plaintiff's fraud allegations on several grounds: (1) the failure to particularize the claims against each individual defendant; (2) the failure to plead any basis for the imposition of secondary liability; (3) the failure to plead any basis for a conspiracy theory; and (4) the failure adequately to allege "controlling person" liability under Section 15.

■ Defendants' arguments are not well-taken. The complaint clearly describes the relationship of each defendant to the occurrences set forth in the complaint. The information is sufficient to permit defendants to prepare an answer to all of plaintiff's claims. If defendants contend that they have no responsibility for the fraudulent statements alleged in the complaint, the appropriate vehicle for raising that objection is a motion for summary judgment. *See Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir.1973).

The motion to dismiss is therefore granted in part and denied in part, as set forth above. All parties are hereby ordered to appear for a status conference at 8:45 a.m. on September 24, 1985.

IT IS SO ORDERED.