724 F.Supp. 1269 (1989)
Marvin LEVY and Patty Gray Swantek, on behalf of themselves and all others similarly situated, Plaintiffs,
v.
Sam H. ELETR, et al., Defendants.
No. C-88-3457-FMS.
United States District Court, N.D. California.
June 29, 1989.
William S. Lerach and Stacey L. Mills, Milberg Weiss Bershad Specthrie & Lerach, San Diego, Cal., Sherie R. Savett, Berger & Montague, and Arnold Levin, Levin & Fishbein, Philadelphia, Pa., for plaintiffs.
Bruce G. Vanyo, Boris Feldman, Jared Kopel, and Susan Abouchar Creighton, Wilson, *1270 Sonsini, Goodrich & Rosati, Palo Alto, Cal., for defendants.

ORDER
FERN M. SMITH, District Judge.
This matter is before the Court upon the defendants' motion to dismiss and motion to stay discovery in the above titled action. The Court has fully considered the submissions and arguments of the parties. The defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART for the reasons set forth herein.

I. Background
The defendants are Applied Biosystems, Inc. (ABI) and officers and directors of ABI. ABI develops and manufactures instruments for use by research laboratories. Plaintiffs, and potential class members, are individuals who purchased ABI securities between April 22, 1986 and March 12, 1987.
Plaintiffs allege that during the class period, ABI made false positive statements which materially inflated the market price of ABI common stock. Specifically, ABI issued press releases reporting higher sales and the successful acquisition of Kratos division of Spectran International. As a result of the press statements, the stock became inflated (high of $52.00 per share) until the `truth' was revealed and the stock value was dramatically deflated (to $23.00 per share). Plaintiffs allege that the defendants profited over $4.8 million because of the false statements.
On August 29, 1988, plaintiffs filed a 33 page three count complaint against the defendants alleging violations of Section 10(b) of the Securities Exchange Act; Section 18 of the Securities Exchange Act and negligent misrepresentation.

II. Analysis

A. Motion to Dismiss

The defendants raise four grounds for dismissing the action: 1. the one year statute of limitations bars the Section 18 claim; 2. the one year statute of limitations is applicable to the Section 10(b) claim; 3. the plaintiffs fail to allege sufficient information in the pleadings; 4. the negligent misrepresentation claim fails to state a cognizable claim for relief.

1. Section 18 Claims
Under Section 18, subparagraph (c) of the Securities Exchange Act, no action may be maintained `unless brought within one year after discovery of the facts constituting the cause of action...." The plaintiffs allege the last violation occurred on March 12, 1987. Because the action was not filed in this Court until over a year after this period (August 29, 1988), the Section 18 claim is barred by the applicable statute of limitations. The plaintiffs concede that the section 18 claim is barred by the statute of limitations.[1] Accordingly, the defendants' motion to dismiss as to this claim is granted.

2. Section 10(b) Claims

a. Statute of Limitations
The applicable statute of limitations in Section 10(b) claims raises an interesting issue. Essentially, the defendants argue that given the United States Supreme Court recent decisions in Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987) and DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the applicable statute of limitations is to be found in the most analogous federal limitations statute, which contains a one year limitations period.
In the decisions rendered by Ninth Circuit prior to the Supreme Court's Agency Holding Corporation ruling, the applicable statute of limitations period for Section 10(b) claims was borrowed from the state statute of limitations period. See Briskin v. Ernst & Ernst, 589 F.2d 1363, 1365 (9th Cir.1978) (three year statute governs common law fraud claims brought in California); Douglass v. Glenn E. Hinton Invest- *1271 ments, Inc., 440 F.2d 912, 915 (9th Cir. 1971) (Washington); Semegen v. Weidner, 780 F.2d 727, 733 (9th Cir.1985) (Arizona). In California, the three year period is governed by Cal.Civ.P.Code section 338(4). Vucinich v. Paine, Webber, Jackson & Curtis, Inc., 739 F.2d 1434 (9th Cir.1984).
Although the three year period is the law of this Circuit, the defendants argue that the recent Supreme Court decision requires this Court to adopt the one year limitations period found in other sections of the Exchange Act. This position has only been accepted by one other Circuit, see In re Data Access Systems Securities Litigation, 843 F.2d 1537 (3rd Cir.), cert. denied, ___ U.S. ___, 109 S.Ct. 131, 102 L.Ed.2d 103 (1988), and was noted in a recent Ninth Circuit concurring opinion, see Davis v. Birr, Wilson & Co., 839 F.2d 1369, 1370-76 (9th Cir.1988) (Aldisert, J.).
In DelCostello v. Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that a claim for breach of a collective bargaining agreement against an employer and a claim for breach of fair representation against a union was governed by the federal statute of limitations found in section 10(b) of the National Labor Relations Act, rather than state statute of limitations. The Court found that the closest analogy to such claims was to be found in section 10(b) claims, and therefore, the six-month statute of limitations is applicable. The Court went on to point out that the ruling should:
not be taken as a departure from the prior practice in borrowing limitations periods for federal causes of action, in labor law or elsewhere. We do not mean to suggest that federal courts should eschew use of state limitations periods anytime state law fails to provide a perfect analogy. [cite omitted] On the contrary, as the courts have often discovered, there is not always an obvious state-law choice application to a given federal cause of action; yet resort to state law remains the norm for borrowing of limitations periods. Nevertheless, when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make the rule a significantly more appropriate vehicle for interstitial lawmaking, we have not hesitated to turn away from state law.
Id. at 171-72, 103 S.Ct. at 2294-95.
The DelCostello holding was reaffirmed, expanded and refined in the 1987 decision of Agency Holding Corporation, 107 S.Ct. 2759. In Agency Holding Corporation, the Supreme Court ruled that the applicable statute of limitations for a federal RICO claim was to be found in the Clayton Act. In determining the appropriate statute of limitations, the "initial inquiry is whether all claims arising out of the federal statute "should be characterized in the same way, or whether they should be evaluated differently depending upon the varying factual circumstances and legal theories presented in each individual case." ... the next inquiry is whether a federal or state statute of limitations should be used ... Given our longstanding practice of borrowing state law, and the congressional awareness of this practice, we can assume that Congress intends by its silence that we borrow state law." Id. at 2762.
The Court found that similarity of the RICO Act and the Clayton Act was no `accident', and that "the similarities in purpose and structure between RICO and the Clayton Act, the clear legislative intent to pattern RICO's civil enforcement provision on the Clayton Act strongly counsels in favor of application of the 4-year statute of limitations used for Clayton Act claims. 15 U.S.C. section 15b. This is especially true given the lack of any satisfactory state law analogue to RICO." Id. at 2765.
In this case, the defendants make a very strong argument in favor of the application of similar statute of limitations found in the Securities Exchange Act to Section 10(b) claims. Nonetheless, because the Ninth Circuit, in a post-Agency Holding Corporation ruling, specifically stated that section 10(b) violations are still governed by the three year statute of limitations period found in C.C.P.C. section 338(4), this Court is bound to accept this position until *1272 a Ninth Circuit panel rules differently. See Davis v. Birr, Wilson & Co., Inc., 839 F.2d 1369, 1369-70 (9th Cir.1988); Lubin v. Sybedon Corp., 688 F.Supp. 1425, 1441 (S.D.Cal.1988). Accordingly, the plaintiff's 10(b) claims are governed by the three year limitations, and are not barred by the statute of limitations.

b. Lack of Affirmative Statements
The defendants argue that the plaintiffs fail to allege how each omission is linked to a particular affirmative statement. The defendants' assert that the plaintiff's complaint must demonstrate some reasonable connection between the omitted fact and the affirmative statement. The plaintiff's argue that each omission need not be linked to a specific affirmative statement, but rather, the omissions need only be material to the affirmative statements so as to make the statements `misleading under the circumstances.' The plaintiff also asserts that even under the rule argued by defendants, the complaint in this case links each omission to an affirmative statement sufficient enough to overcome a motion to dismiss. This Court agrees with the plaintiff's position.
In Fine v. Rubin, 623 F.Supp. 171, 172-73 (N.D.Cal.1985), Judge Lynch denied a motion to dismiss a Section 11, a section 12(2) and a Section 10b-5 claim, although the defendants' argued that the plaintiff failed to link the omitted information with the misleading statements. In rejecting this argument, Judge Lynch noted that a complaint can be dismissed if the omission is not material or if the nexus between the statements and omission are vague and conclusory, but that complaint in that case was sufficient to inform `defendants of the reasons why plaintiff contends that the alleged omissions were materially misleading.' Id. at 173.
The purpose of the notice pleading rule is to inform the defendant(s) of the factual basis of the complaint. Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir.1986). The plaintiff is not required, as the defendant asserts, to link each piece of omitted information with each statement claimed misleading. Fine v. Rubin, 623 F.Supp. at 173. The pleading in this case properly notifies the defendants of the dates of the alleged misrepresentation, and sufficiently links the misrepresentation with the failure to disclose. Accordingly, the defendants' motion to dismiss this cause of action is denied.

3. Negligent Misrepresentation Claim
The defendants' claim that under California law, the corporate officers cannot be found liable for negligent aftermarket statements.[2] The defendants' claim that any negligent statements made by the defendant-officers are not actionable under Goodman v. Kennedy, 18 Cal.3d 335, 134 Cal.Rptr. 375, 556 P.2d 737 (1976). The plaintiff argues that in a 1986 California decision, the Court of Appeals held that a negligent misrepresentation claim could be maintained against an accountant by any individual who reasonably and foreseeably relied on an accountant's audited financial statements. International Mortgage Co. v. John P. Butler Accountancy Corp., 177 Cal.App.3d 806, 223 Cal.Rptr. 218 (1986). On this issue, the parties cite a number of unpublished decisions in the Northern District of California in support of their respective positions.
In Goodman, the California Supreme Court ruled that no liability exists absent the presence of a duty owed to the plaintiff by the defendant. 18 Cal.3d at 342-43, 134 Cal.Rptr. 375, 556 P.2d 737. In determining whether such a duty exists the court should consider: 1. the extent to which the transaction was intended to affect the plaintiffs; 2. the foreseeability of the harm to the plaintiffs; 3. the degree of certainty that the plaintiff suffered the injury; 4. the closeness of the connection between the defendant's conduct and the injury suffered; 5. the moral blame attached to the defendant's conduct; and 6. the policy preventing future harm. Goodman, 18 Cal.3d at 342-343, 134 Cal.Rptr. 375, 556 P.2d 737. In Goodman, the Court ruled that an attorney *1273 did not owe a duty of care to a third party buyer who relied only on the attorney's client's information in buying the stock. In Goodman, the court found that it would be against public policy to make an attorney liable for confidential advice, even if incorrect, provided to a client.
Rejecting the strict limitation of Goodman, the California Court of Appeals in Butler, supra, found that an independent auditor could be liable to reasonably foreseeable plaintiffs for negligent statements issued in an auditing report. 177 Cal. App.3d at 820, 223 Cal.Rptr. 218. The court held that an `independent auditor owes a duty of care to reasonably foreseeable plaintiffs who rely on negligently prepared and issued unqualified audited financial statements.' Id.
In the only Northern District published case on point, In re Worlds of Wonder Securities Litigation, 694 F.Supp. 1427 (N.D.1988), Judge Conti rejected the plaintiff's attempt to apply the broad `foreseeability' standard found in Butler to directors and officers. Id. at 1436. Judge Conti felt that the Butler standard "should be interpreted as being limited to the particular role of the independent auditor." Id. In applying the Goodman factors to the case before him, Judge Conti found that the allegations of the plaintiff were insufficient to impose a duty on the directors and officers. If such a duty were found, according to Judge Conti, "corporate officers and directors would face almost unlimited liability for non-intentional errors by their conduct." Id.
This Court agrees with Judge Conti's analysis. A thorough reading of the Goodman opinion leads this Court to believe that the law of California does not allow a director or officer to be liable for negligent aftermarket statements. In Goodman, the Court was concerned with the possible diminution of the quality of legal services received by the attorney's client if the attorney would be liable for negligent statements made to third parties. Goodman, 18 Cal.3d at 334, 134 Cal.Rptr. 375, 556 P.2d 737. As the Goodman court noted: "The attorney's preoccupation or concern with the possibility of claims based on mere negligence (as distinct from fraud or malice) by any with whom his client might deal "would prevent him from devoting his entire energies to his client's interest" [citation omitted]. The result would be both "an undue burden on the profession" [citation omitted] and a diminution in the quality of the legal services received by the client. [citation omitted]" Id.
These concerns are applicable to the current negligent misrepresentation claim against the officers and directors of ABI. The officer's or director's preoccupation with the potential for liability could conceivably interfere with their duties and obligations to the company. This Court is unable to agree with the plaintiff's attempt to impose a duty upon the officers and directors of ABI in light of the above noted concerns enunciated in Goodman. Accordingly, the defendants' motion to dismiss this cause of action is GRANTED.

B. Motion to Stay Discovery

The defendants have requested that this Court stay discovery until "a legally sufficient complaint is on file." Because this Court finds that the plaintiff's complaint is legally sufficient to survive a motion to dismiss the action, the defendants' request is denied.
Accordingly, and good cause appearing,
IT IS HEREBY ORDERED that:
1. The defendant's motion to dismiss Count II (Section 18 of the Exchange Act) and Count III (Negligent Misrepresentation) is GRANTED; the defendants' motion to dismiss Count I (Section 10(b)) is DENIED;
2. The defendant's motion to stay discovery is DENIED.
NOTES
[1] The defendants' claim that plaintiff's Section 18 claim should be dismissed for failure to allege actual reliance. This issue need not be addressed, as the plaintiff's concede that the Section 18 claim is barred by the applicable statute of limitations.
[2] Aftermarket statements are those statements not made in connection with public offerings, but made by the company in press releases, shareholder reports and SEC filings.