### In re WORLDS OF WONDER SECURITIES LITIGATION.

**This Document Relates to all Actions.**

**No. C 87 5491 SC.**

United States District Court, N.D. California.

April 6, 1989.

---

## ORDER RE: MOTIONS TO DISMISS SECOND AMENDED CONSOLIDATED COMPLAINT

CONTI, District Judge.

This matter is presently before the Court on defendants' renewed motions to dismiss plaintiffs' "Second Amended Consolidated Class Action Complaint," ("Complaint" or "Second Complaint"), filed on September 27, 1988. On July 29, 1988, this Court dismissed without prejudice plaintiffs' first "Consolidated Amended and Supplemental Class Action Complaint" ("First Complaint"), granting plaintiffs sixty days leave to file a further amended complaint. *In re Worlds of Wonder Securities Litigation,* 694 F.Supp. 1427, 1436–37 (N.D.Cal. 1988) (hereinafter *"WOW 1"*). Plaintiffs' First Complaint alleged violations of section 10(b) of the Securities Exchange Act of 1934 (" '34 Act"), 15 U.S.C. § 78j(b), and Rule 10b–5 thereunder ("Rule 10b–5"); violations of section 20 of the '34 Act, 15 U.S.C. § 78t ("§ 20"); violations of section 15 of the Securities Act of 1933, (" '33 Act"), 15 U.S.C. § 77o ("§ 15"); violations of section 11 of the '33 Act, 15 U.S.C. § 77k ("§ 11"); violations of section 12(2) of the '33 Act, 15 U.S.C. § 77l(2) ("§ 12(2)"); and allegations of fraud, deceit, and negligent misrepresentation. Plaintiffs' First Complaint named as defendants several officers of Worlds of Wonder, Inc. ("WOW"): Angelo M. Pezzani ("Pezzani"), former President and Chief Operating Officer; Donald D. Kingsborough ("Kingsborough"), former Chairman of the Board and Chief Executive; and Richard B. Stein ("Stein"), former Executive Vice President and Chief Financial Officer (referred to collectively as "Officers"). The First Complaint also named two directors of WOW as defendants: John B. Howenstine ("Howenstine") and Barry H. Margolis ("Margolis") (referred to as "Directors"). The First Complaint also named as defendants the public accounting firm of Deloitte Haskins & Sells ("DH & S"), and the underwriting and securities brokerage firm of Smith Barney, Harris Upham & Co. ("Smith Barney").

Plaintiffs' Second Complaint alleges violations of the same securities laws, yet the time frame has been enlarged and four defendants have been added: Dean Witter Reynolds ("Dean Witter"), an underwriting and securities brokerage firm; Josephine E. Abercrombie ("Abercrombie"), a shareholder of WOW; Robinson Interests Inc. ("Robinson"), a shareholder of WOW; and Worlds of Wonder Shares Partnership of Houston ("WSP"), a shareholder of WOW. Plaintiffs refer in their Second Complaint to these latter three shareholder defendants as the "Venture Capitalist Defendants."

## MOTIONS TO DISMISS

Defendants Abercrombie, Robinson, WSP, Margolis, Howenstine, Officers, DH & S, and Underwriters have all separately moved this Court to dismiss Plaintiffs' Second Complaint, pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b). In determining a motion to dismiss, "all the allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." Moreover, "to dismiss, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved." *Wool v. Tandem Computers Inc.,* 818 F.2d 1433, 1439 (9th Cir.1987). Rule 9(b) requires that the complaint identify the circumstances constituting the alleged fraud "so that the defendant can prepare an adequate answer." *Walling v. Beverly Enterprises,* 476 F.2d 393, 397 (9th Cir.1973).

In *WOW I,* this Court held that some of the plaintiffs' causes of action were sufficient to withstand certain defendants' motions to dismiss. Specifically, this Court upheld plaintiffs' § 11 claims stemming from the 1987 Debenture Offering against defendants Smith Barney, the Officers, and the Directors. *WOW 1,* at 1434. This

Court also found that plaintiff's § 12(2) claim against Smith Barney, relating to the 1987 Debenture Offering, was adequately pled. *Id.* The Court further found that the allegations in the First Complaint were sufficient to state a complaint under §§ 15 and 20 against the officer and director defendants, concerning primary violations the Court had upheld. *Id.* at 1435. Finally, the Court found that plaintiffs had adequately stated a claim against the accounting firm of DH & S for negligent misrepresentation. *Id.* at 1436. To the extent that defendants' current motions to dismiss address causes of action this Court upheld in *WOW 1,* those motions are hereby DENIED.

## ANALYSIS

### 1. 10b–5 AND FRAUD ALLEGATIONS

In *WOW 1,* this Court dismissed without prejudice plaintiffs' fraud and § 10(b) causes of action, holding that plaintiffs' claims were conclusory in nature, and did not satisfy the particularity requirements of Fed.R.Civ.P. 9(b). *Id.* at 1433–34. Although plaintiffs have substantially amended their complaint, all defendants again move to dismiss the fraud and 10b–5 claims alleged against them, arguing that Rule 9(b) still remains unsatisfied.

The Ninth Circuit has held, in reversing a district court's dismissal of a complaint which alleged violations of federal securities law and California fraud and negligent misrepresentation, that "a pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. While mere conclusory allegations of fraud are insufficient, statement of the time, place, and nature of the alleged fraudulent activities are sufficient." *Wool v. Tandem Computers Inc.,* 818 F.2d 1433, 1439 (9th Cir.1987). The Ninth Circuit further held that a complaint will satisfy Rule 9(b)'s particularity requirement even if the allegations name the defendants as a group, in cases of corporate fraud where the allegedly false or misleading information is published or disseminated by that group, and the group

is narrowly defined. 818 F.2d at 1440. In addition, the Court held that although allegations of fraud based on information or belief will usually not satisfy Rule 9(b), "an exception exists where, in cases of corporate fraud, the plaintiffs cannot be expected to have personal knowledge of the facts constituting the wrongdoing." *Id.* at 1439. In such cases, the complaint will satisfy Rule 9(b) if the grounds upon which plaintiff's beliefs are founded are set forth in the complaint. *Cf. WOW 1,* at 1432.

Plaintiff's Complaint points to several statements concerning WOW which plaintiffs allege were false or misleading, and thus violative of Rule 10b–5. Plaintiffs allege that the stock prospectus, issued pursuant to the June 20, 1986 Initial Public Offering of 6,000,000 shares of WOW common stock, falsely represented: that shipments of WOW products would reach toy stores in time for Christmas; that WOW was anticipating an extension of the product line of "Teddy Ruxpin" dolls, when in fact product returns suggested that the doll was no longer saleable; that the product return rate on the Ruxpin doll was decreasing, when in fact it was not; that WOW's product quality and distribution capabilities compared favorably with competitors, when in fact the company's use of inexperienced foreign manufacturers and an inadequate distribution system would make the company unable to meet the Christmas deadline; and that the company was anticipating broad retail distribution, when in fact the company was aware of serious product distribution problems. Complaint, ¶ 36 (a)–(e). Plaintiffs also allege that certain costs and expenses should have been included in the prospectus. Complaint, ¶ 37.

In addition, plaintiffs allege that WOW's October 22, 1986 earnings announcement was false and misleading in that it stated specific new products that would be introduced, and that they would be on store shelves by Christmas, when in fact the new products would not be introduced in time for Christmas in a sufficient quantity, and defendants were aware of this. ¶ 38. Plaintiffs also allege that WOW's third

quarter earnings statements overstated sales, in that shipments were improperly recorded as sales where no payment was expected for months, and consumers had a right of return. ¶ 40. ¶ 41 alleges that WOW's shipping and delivery problems made specified statements in the company's third quarter report to shareholders, issued on January 26, 1987, false or misleading.

Plaintiffs next point to specific statements in the company's Form 10–Q for the quarter ending December 31, 1986, and why the plaintiffs believe these statements to be misleading. ¶ 42. Plaintiffs' Complaint then quotes a February 6, 1987 press release issued by the company, and lists the facts upon which the plaintiffs rely in alleging that the press release was materially misleading. ¶¶ 43, 44. Paragraph 46 cites a statement made by Kingsborough, and one by Stein, on March 16, 1987, in which the officers spoke about sales predictions, which statements plaintiffs allege were materially misleading for failing to disclose the facts alleged in paragraph 44.

Plaintiffs go on to claim that a May 15, 1987 press release issued by WOW regarding sales, WOW's long-term future, and retail orders was also misleading, in that it did not disclose the facts alleged in paragraph 44, nor did it disclose the specific facts alleged in paragraph 50 concerning WOW's cash depletions and its product development problems. In paragraph 52 plaintiffs claim that on May 15, 1987 Kingsborough, as a WOW spokesman, reaffirmed his previous sales predictions, and also stated that WOW products were doing better than anticipated. Plaintiffs allege that this statement was materially misleading in that it did not disclose the facts set forth in ¶¶ 44 and 50.

Plaintiffs also allege that the June 4, 1987 Debenture Prospectus was materially misleading in that it did not designate WOW Debentures as high-risk securities, which plaintiffs maintain was necessary given the problems previously alleged. In addition, plaintiffs claim that the prospectus should have disclosed the facts set forth in paragraphs 44 and 50 of the Complaint. ¶¶ 53–58. Plaintiffs also allege that a press release of August 7, 1987, which plaintiffs quote in paragraph 71, was materially false and misleading for failing to divulge the facts set forth in paragraphs 44 and 50, and the facts alleged in paragraph 74. ¶ 74.

Paragraph 75 alleges that Smith Barney's August 14, 1987 analyst's report fraudulently informed investors to accumulate WOW stock, although Smith Barney knew of the undisclosed material facts regarding WOW's poor financial condition. Plaintiffs allege in paragraph 76 that DH & S participated in the October 22, 1987 shareholders meeting, and took part in concealing from the shareholders WOW's financial and accounting problems.

## A. Officers and Directors

WOW Officers Kingsborough, Pezzani, and Stein, and WOW Directors Margolis and Howenstine, seek to dismiss plaintiffs' Rule 10b–5 and fraud allegations against them, on the grounds that Fed.R.Civ.P. 9(b)'s particularity requirement has not been met by plaintiffs, and also on the grounds that Fed.R.Civ.P. 12(b)(6) has not been satisfied, in that the elements of a 10b–5 claim have not been properly alleged by the plaintiffs. For the reasons that follow, the Court finds that plaintiffs' allegations of fraud and 10b–5 violations in their Second Complaint with respect to these defendants are adequate to withstand a motion to dismiss, in that the claims sufficiently apprise the defendants of the circumstances which plaintiffs allege constitute fraud. See Walling, 476 F.2d 397.

■ Plaintiffs' Second Complaint has cured the specificity problems with respect to these defendants that plagued the First Complaint. The Second Complaint now states the time, place, and nature of the alleged fraudulent activity. Insofar as the statements complained of are attributed to the officer and director defendants collectively, this "group pleading" is sufficient to satisfy Rule 9(b)'s particularity requirement. In Wool, the Ninth Circuit held that "in cases of corporate fraud where the false or misleading information is conveyed

in prospectuses, registration statements, annual reports, press releases, or other 'group-published information,' it is reasonable to presume that these are the collective actions of the officers." 818 F.2d at 1440. When faced with allegations much like those in plaintiffs' Second Complaint here, the Ninth Circuit has recently held that the *Wool* "collective action" presumption is "equally applicable to members of a board of directors in a corporate fraud action," and that such a complaint "is sufficient to meet Rule 9(b) requirements" with respect to these defendants. *Blake v. Dierdorff,* 856 F.2d 1365, 1369 (9th Cir. 1988).

 The Officer and Director defendants also claim that plaintiffs' 10b–5 claims should be dismissed under Fed.R. Civ.P. 12(b)(6). They argue that dismissal is proper because scienter is not adequately pled, that affirmative statements are not "linked" with omissions, that the allegedly misleading statements are mere "opinions," and that the allegedly omitted statements were in fact disclosed. The Court finds that plaintiffs have adequately stated a cause of action under Rule 10b–5. Scienter, although an element of a 10b–5 claim which must ultimately be proved in order to prevail, may be averred generally in the pleading stage, where the complaint alleges that deceptive information was disseminated which falsely portrayed the company's financial condition. *Blake,* 856 F.2d at 1370; *Goldman v. Belden,* 754 F.2d 1059, 1070 (2d Cir.1985). The Court is also convinced that Rule 10b–5 does not require a plaintiff, as a matter of pleading, to "link" every omission with an allegedly misleading statement. "Linking" is necessarily a factual determination, to be made after discovery. *See Fine v. Rubin,* 623 F.Supp. 171, 172–3 (N.D.Cal.1985). Defendants' arguments that the alleged omissions were actually disclosed is an argument going to the sufficiency of the disclosure, and is therefore an argument concerning the *materiality* of the alleged statements, an inherently fact-specific inquiry. *Basic, Inc. v. Levinson,* 485 U.S. 224, ——, 108 S.Ct. 978, 985–86, 99 L.Ed.2d 194, 211 (1988);

*Goldman,* 754 F.2d at 1068. Finally, defendants' claim that the allegedly misleading statements were merely "opinions" takes an overly narrow view of the Complaint, and dismissal is unwarranted on this ground. *See Goldman,* 754 F.2d at 1069.

## B. *Abercrombie, Robinson, and WSP*

 Although plaintiffs group these defendants together as the "Venture Capitalist Defendants," plaintiffs have alleged nothing which would at all suggest that these defendants acted "collectively" with each other or with the WOW officers or directors. The Court finds that the *Wool /Blake* presumption of collective responsibility is not applicable to these defendants. Therefore, plaintiffs may not allege fraud or 10b–5 violations against these defendants for the "group-published" statements disseminated by WOW.

However, plaintiffs have alleged sufficient ties between Abercrombie, Robinson, and WSP *individually* with certain WOW directors to support claims under Rule 10b–5 for insider trading, as tippees. Plaintiffs have alleged that Howenstine is the president of Josephine E. Abercrombie Interests, Inc., an entity controlled by Abercrombie, and that Howenstine also "represents" Robinson. Complaint, ¶ 14(e). The complaint states that Margolis is the managing partner of WSP. ¶ 14(d). The complaint also alleges that Abercrombie, Robinson, and WSP knew of the material inside information alleged in ¶¶ 40 and 50, by virtue of their relationship with the director defendants, and traded their WOW stock.

 Although mere possession of non-public information does not give rise to a duty under Rule 10b–5 to disclose or abstain from trading, *Chiarella v. United States,* 445 U.S. 222, 231, 100 S.Ct. 1108, 1116, 63 L.Ed.2d 348 (1980), if a tippee receives that information from an insider who has breached his fiduciary duty to the shareholders by disclosing such information to the tippee, the tippee assumes the tipper's duty. *Dirks v. S.E.C.,* 463 U.S. 646, 659–660, 103 S.Ct. 3255, 3263–3264, 77 L.Ed.2d 911 (1983). Plaintiffs have alleged

sufficient facts to withstand a motion to dismiss on this ground.

### C. Underwriters and DH & S

■ Plaintiffs have alleged that the Underwriter Defendants, Smith Barney and Dean Witter, and the accounting firm DH & S, are liable for the allegedly false and misleading information given in "group-published" statements. Plaintiffs seek to hold the underwriters and accountants liable for, among other statements, press releases issued by WOW, and statements made by corporate officers concerning WOW's future.

In *WOW 1* this Court directed plaintiffs to clarify the allegations in their complaint which group the accounting and underwriter defendants with the corporate officer and director defendants, as "collective responsibility is not self-evident." 694 F.Supp. at 1433. Plaintiffs have offered the following support for their collective action theory: plaintiffs state that the underwriters conducted due diligence investigations of the company, served as investment banker/financial advisor/business consultant to the company, and obtained fees from the company for their services. Plaintiffs support their inclusion of DH & S in the group by stating that DH & S rendered accounting and business services to WOW, allowed its audit report to be included in corporate filings, and remained silent during a shareholders meeting.

The Court finds that such allegations are insufficient to charge the underwriters and accountants with responsibility for statements made by the corporation or by WOW officials. Plaintiffs have alleged no more than ordinary involvement with a client's company in the course of providing underwriting or accounting services, and the Court finds no reason to expand the *Wool-/Blake* doctrine of collective responsibility to reach these defendants.

However, the Court finds that plaintiffs have stated a cause of action against Smith Barney, Dean Witter, and DH & S for alleged misstatements in prospectuses, registration statements, or other reports which were prepared in part by them or bear their names. As the Court has held with respect to the Officer and Director defendants, *supra*, scienter has been averred adequately to meet pleading requirements, and the defendants' other objections to plaintiffs' claims are more properly the subject of a motion for summary judgment, after plaintiffs have conducted discovery.

■ To withstand a motion to dismiss for aiding and abetting under § 10(b), plaintiffs must plead an independent primary wrong, must allege that the defendant knew of the alleged violation but allowed use of its name despite the knowledge, and that defendants substantially assisted in the wrong. Substantial assistance is sufficiently alleged where plaintiffs claim that they relied on the professional's reputation when deciding to invest. *Roberts v. Peat, Marwick, Mitchell, & Co.*, 857 F.2d 646, 653 (9th Cir.1988).

Therefore, with respect to the alleged misstatements in prospectuses, registration statements, or other reports which were prepared in part by these defendants or bear their names, plaintiffs have met the basic pleading requirements, and have stated a cause of action against these defendants sufficient to allow them to prepare an adequate answer.

### D. Reorganization of Complaint

Plaintiffs are HEREBY ORDERED to reorganize their first and third claims for relief (§ 10(b), Rule 10b–5, and Fraud allegations) to reflect this Order, which dismisses with prejudice allegations of collective responsibility by Abercrombie, Robinson, and WSP for WOW group-published statements, but upholds the claims against these defendants insofar as they allege insider trading violations. Plaintiffs shall also reorganize the first and third claims for relief to reflect this Order with respect to the Underwriter defendants and DH & S, as the Court has found that § 10(b), Rule 10b–5, and fraud claims may only be asserted against these defendants for statements in prospectuses, registration statements, or other reports which were prepared in part by these defendants or bear their names.

Plaintiffs are to reorganize their first and third claims, but are not to replead allegations which the Court, by this Order, has disallowed. Neither are defendants to renew their motions to dismiss these reorganized claims, since plaintiffs will simply be setting out with clarity those allegations which the Court in this Order has found adequate to withstand motions to dismiss.

## 2. SECTION 11 ALLEGATIONS

As stated previously, this Court upheld the § 11 claims concerning the 1987 Debenture Offering as to the Officer defendants, the Director defendants, and Smith Barney. The Court also held that § 11 affords no cause of action for secondary liability. *WOW 1*, at 1434.

■ The Court finds that the § 11 claims in the Second Complaint, which allege that false or misleading statements were made pursuant to the 1986 and 1987 Initial Public Offerings and Debenture Offerings, are adequately pled with respect to each defendant named.[1] *Herman & MacLean v. Huddleston*, 459 U.S. 375, 381–82, 103 S.Ct. 683, 686–87, 74 L.Ed.2d 548 (1983). § 11 provides a direct cause of action against every person who signed the registration statement; every director or partner in the corporation; every accountant or other professional taking part in the preparation of the registration statement, for that part attributable to him; and every underwriter connected with such security issued pursuant to the registration statement. 15 U.S.C. § 77k. The arguments that the Officers, Directors, and Underwriters make with regard to these § 11 claims all require that factual determinations be made, and are therefore unsupportive of their motions to dismiss. The Court also finds that plaintiffs have specifically identified the allegedly misleading statements of DH & S, and why the plaintiffs believe these statements to be misleading, as this Court directed in *WOW 1*. Complaint ¶¶ 63–65. Defendants' motions to dismiss the § 11 claims are hereby DENIED.[2]

The Officer defendants have moved in the alternative that this Court grant summary judgment on the issue of whether there was adequate disclosure in the 1986 IPO prospectus. Because there has been no discovery as of yet in this case, plaintiffs can not yet put forward evidence as to what was actually known by the defendants at the time the prospectus was issued. Therefore, it cannot be determined whether the "risk factors" section of the prospectus did adequately disclose the risks known to defendants at the time. Plaintiffs have opposed this summary judgment motion, and have submitted by affidavit the facts necessary to justify the claims in their complaint. *Cf.* Fed.R.Civ.P. 56(f). The Court finds that summary judgment is premature at this point, and defendants' motion is DENIED.

## 3. SECTION 12(2) ALLEGATIONS

Plaintiffs assert § 12(2) claims against Smith Barney, Dean Witter, and Kingsborough in connection with the 1986 Initial Public Offering of WOW common stock, and against Smith Barney, Kingsborough, and Stein in connection with the 1987 Debenture Offering. Complaint ¶¶ 135–141, ¶¶ 142–149. Section 12(2) imposes liability on persons who offer or sell securities by means of any prospectus containing material misrepresentations or omissions. The Supreme Court has defined "seller" narrowly, holding that "liability extends only to the person who successfully solicits the purchase, motivated at least in part by a desire to serve his own financial interests or those of the securities owner." *Pinter*

---

1. The Fifth Claim for Relief asserts § 11 violations against the Officer and Director Defendants, Dean Witter, and Smith Barney, in connection with the 1986 Initial Public Offering; and the Sixth Claim for Relief asserts § 11 violations against the Officer and Director Defendants, Smith Barney, and DH & S, in connection with the 1987 Debenture Offering.

2. Defendant Margolis makes the argument that plaintiffs' § 11 claims arising from the 1986 IPO are barred by the statute of limitations, in that plaintiffs should have discovered the alleged misstatements earlier. The question of when an alleged fraud occurred or should have been discovered is a question of fact, and will not be decided on a motion to dismiss. *Semegen v. Weidner*, 780 F.2d 727, 733 (9th Cir.1985).

*v. Dahl*, 486 U.S. 622, ——, 108 S.Ct. 2063, 2078–79, 100 L.Ed.2d 658, 682 (1988). Moreover, § 12(2) liability will not be imposed on participants only "collateral" to the offer or sale. Alleging that a defendant was a "substantial factor" in causing the sale is not sufficient to impose § 12(2) liability; the defendant himself must have solicited the sale in question. *Pinter*, 486 U.S. at ——, 108 S.Ct. at 2080–82, 100 L.Ed.2d at 684–686.

■ Given this narrow definition of "seller," the Court finds that no "secondary liability" for aiding and abetting may be maintained under § 12(2). In *Pinter*, the Supreme Court stated that "the deficiency of the substantial-factor test is that it divorces the analysis of seller status from any reference to the applicable statutory language and from any examination of § 12 …." 486 U.S. at ——, 108 S.Ct. at 2080, 100 L.Ed.2d at 684. As "substantial participation" has been the test for secondary liability under § 12(2), the *Pinter* decision appears to prohibit claims predicated on a defendants' "aiding and abetting" a § 12(2) violation. *Cf. In re Activision Securities Litigation*, 621 F.Supp. 415, 422 (N.D.Cal.1985) (court "refused to extend § 12(2)'s boundaries further by recognizing aiding and abetting liability").

■ Plaintiffs assert that "Smith Barney and Dean Witter orchestrated and controlled the sales and distribution process" of WOW securities in connection with the 1986 IPO. ¶ 137. The Court finds that plaintiffs have sufficiently alleged that these defendants were "sellers" under § 12(2). Although facts must later be produced by plaintiffs showing which plaintiffs were purchasers of the stock which Smith Barney and Dean Witter sold, the Court finds that plaintiffs' Complaint is sufficient at this initial pleading stage to assert § 12(2) liability over these defendants.

However, plaintiffs' allegations with respect to Kingsborough fail to satisfy the *Pinter* standard. Plaintiffs have not alleged that Kingsborough was more than a collateral participant in these sales, and the

§ 12(2) claims against him therefore fail. *See* Complaint ¶ 138. This claim against Kingsborough is hereby DISMISSED with prejudice.

Similarly, the Court finds that with respect to the 1987 Debenture Offering, plaintiffs' § 12(2) claims against Smith Barney are sufficient to withstand a motion to dismiss at this pleading stage. *See* ¶¶ 144–145. And because plaintiffs' Second Complaint fails to adequately allege that Kingsborough and Stein were "sellers" with respect to these debentures, ¶¶ 146–147, these claims against Kingsborough and Stein are hereby DISMISSED with prejudice.

## 4. CONTROLLING PERSON ALLEGATIONS

Sections 15 and 20 impose liability upon persons who control any person liable under the securities laws. Plaintiffs' second and ninth claims for relief allege that the Officer and Director Defendants, and the "Venture Capitalist Defendants," acted as controlling persons of WOW. ¶¶ 100(a), 152(a). The Complaint further alleges that "defendants Abercrombie and Robinson acted as controlling persons of [WOW director] Howenstine, and WSP acted as a controlling person of [WOW director] Margolis, [and that] each such defendant had the power, control and influence, to cause its director of WOW to engage in the illegal conduct and practices complained of herein." ¶ 152(b).

■ To establish control, plaintiffs must show that the defendants had the actual power to influence or control the "controlled person;" and also that the defendants were culpable participants in the alleged illegal activity. *Orloff v. Allman*, 819 F.2d 904, 906 (9th Cir.1987); *Wool*, 818 F.2d at 1440. The status of an alleged controlling person is insufficient by itself to state a claim of power or culpable participation. However, where there is an allegation of influence or actual participation in the corporation's operation, and where the allegedly misleading statements are part of "group-published information," it is reasonable to presume at the pleading

stage that corporate officers and directors are "controlling persons." *Burgess v. Premier Corp.*, 727 F.2d 826, 832 (9th Cir. 1984); *Wool*, 818 F.2d at 1442. The Court finds that sufficient allegations of control have been made regarding the Officer and Director defendants, and the Court hereby DENIES the Officer and Director defendants' motions to dismiss plaintiffs' second and ninth claims for relief.

Because the Court has found, *supra*, that Abercrombie, Robinson, and WSP are not part of the "group" responsible for the dissemination of "group-published information," and since the complaint is devoid of any support which would otherwise indicate that these "venture capitalists" "controlled" WOW, the second and ninth claims for relief are hereby DISMISSED with respect to these defendants.[3]

### 5. NEGLIGENT MISREPRESENTATION ALLEGATIONS

In *WOW 1*, this Court upheld plaintiffs claims of negligent misrepresentation against the accounting firm of DH & S, finding that *International Mortgage Co. v. John P. Butler Accountancy Corp.*, 177 Cal.App.3d 806 (1986) was controlling as to these defendants. *WOW 1*, 694 F.Supp. at 1436. Plaintiffs' Second Complaint alleges that members of the plaintiff class were in privity with the Underwriter defendants, and that a fiduciary duty exists with respect to the other defendants. ¶ 112. The Court finds that plaintiffs have offered no basis for maintaining a claim for negligent misrepresentation against defendants Abercrombie, Robinson, or WSP. These defendants' motions to dismiss with prejudice plaintiffs' fourth claim for relief are hereby GRANTED with respect to these defendants. The Court further finds that the Second Complaint does adequately state a claim against the other defendants for negligent misrepresentation, and the Court hereby DENIES their motions to dismiss plaintiffs' fourth claim for relief.

**3.** The Complaint also sets forth no facts which would support plaintiff's § 15 and § 20 claims that the "venture capitalists" "controlled" the directors. ¶¶ 100(b), 152(b). Therefore, to the

### CONCLUSION

In accordance with the foregoing, IT IS HEREBY ORDERED that:

(1) The Officer and Director defendants' motions to dismiss plaintiffs' first and third claims for relief (§ 10(b), Rule 10b–5, and Fraud allegations) are DENIED;

(2) Abercrombie's, Robinson's, and WSP's motions to dismiss plaintiffs' first and third claims for relief (§ 10(b), Rule 10b–5, and Fraud allegations) are GRANTED IN PART and DENIED IN PART, and plaintiffs are hereby ordered to reorganize these claims with respect to these defendants within 30 days *consistent with this Order;*

(3) The Underwriter defendants' and DH & S' motions to dismiss plaintiffs' first and third claims for relief (§ 10(b), Rule 10b–5, and Fraud allegations) are GRANTED IN PART and DENIED IN PART, and plaintiffs are hereby ordered to reorganize these claims with respect to these defendants within 30 days *consistent with this Order;*

(4) The Officer, Director, Underwriter, and DH & S defendants' motions to dismiss plaintiffs' fifth and sixth claims for relief (§ 11 allegations) are DENIED;

(5) The Officer defendants' motion for summary judgment on plaintiffs' fifth claim for relief (§ 11 allegations) is DENIED;

(6) The Underwriter defendants' motions to dismiss plaintiffs' seventh and eighth claims for relief (§ 12(2) allegations) are DENIED;

(7) The Officer defendants' motions to dismiss plaintiff's seventh and eighth claims for relief (§ 12(2) allegations) are GRANTED;

(8) The Officer and Director defendants' motions to dismiss plaintiffs' second and ninth claims for relief (§§ 15 and 20 allegations) are DENIED;

extent that plaintiffs assert "controlling person" allegations against Abercrombie, Robinson, and WSP on these grounds, these claims are also DISMISSED.

(9) Abercrombie's, Robinson's, and WSP's motions to dismiss plaintiffs' second and ninth claims for relief (§§ 15 and 20 allegations) are GRANTED;

(10) Abercrombie's, Robinson's, and WSP's motions to dismiss plaintiffs' fourth claim for relief (negligent misrepresentation allegations) are GRANTED; and

(11) Officer, Director, Underwriter, and DH & S defendants' motions to dismiss plaintiffs' fourth claim for relief (negligent misrepresentation allegations) are DENIED.

SO ORDERED.