**In re WYSE TECHNOLOGY SECURITIES LITIGATION.**

**No. C–89–1818 WHO.**

United States District Court,
N.D. California.

Feb. 16, 1990.

MEMORANDUM OPINION
AND ORDER

ORRICK, District Judge.

Defendants, Wyse Technology Incorporated, Bernard K. Tse, Phillip W. White, Howard H. Graham, Laurence D. Lummis, Ronald E.F. Codd, Frank J. Caulfield, and James P. Lally (collectively "Wyse Technology") and Arthur Young & Company ("Arthur Young"), filed separate motions to dismiss each of the three counts of plaintiffs' consolidated amended complaint ("amended complaint") for violation of the

federal securities laws and pendent state law claims.

Count I of the complaint charges defendants with conspiracy to violate Section 10(b) of the Securities and Exchange Act and Rule 10b–5 promulgated thereunder. Count II charges conspiracy to commit fraud and deceit with respect to the purchasers of Wyse Technology stock. Count III alleges negligent misrepresentation through misleading statements and omissions of material fact to plaintiffs, who, in reliance on those facts were induced to purchase Wyse Technology common stock.

Wyse Technology also filed a motion to renew the stay of discovery.

After consideration of the papers filed in support of and in opposition to the motions, and good cause appearing therefor, the amended complaint is dismissed, and the stay of discovery is renewed.

## I.

Plaintiffs' amended complaint alleges that Wyse Technology's public announcements from October 1987 through December 1988 were misleading, and that Wyse Technology engaged in a conspiracy to artificially inflate the price of its common stock and induce plaintiffs to purchase the common stock at artificially inflated prices. It is further alleged that Wyse Technology knew of or recklessly disregarded: (1) overstatement of reported sales and net income, (2) improper revenue recognition techniques, (3) overstatement of inventory and accounts receivable, and (4) failure to maintain adequate warranty and return reserves. The complaint also contains numerous allegations that Arthur Young conspired with and aided and abetted Wyse Technology in the alleged fraudulent scheme.

## A.

■ In their motions to dismiss, defendants assert that plaintiffs failed to plead the Count I and Count II claims with adequate specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure. The Rule requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

Defendants are correct that plaintiffs have failed to satisfy the standard of Rule 9(b) with respect to Counts I and II. Plaintiffs have provided no facts to support their conclusory allegations that defendants engaged in fraudulent practices. While the complaint includes numerous accusations of misstatement, overstatement, and omission, no actual facts that serve as the basis of these accusations are provided. The alleged misstatements are not identified or explained with sufficient detail or specificity. Plaintiffs do not identify the source of their information and belief that defendants' intent was fraudulent or that their statements were materially incorrect.

By alleging only neutral facts and conclusory allegations, plaintiffs have failed to disclose any basis for concluding that defendants violated any securities law, committed any fraud, or conspired to commit any fraud. Counts I and II of the complaint are dismissed for failure to comply with Rule 9(b).

## B.

Defendants argue that the Count III claim of negligent misrepresentation should be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

■ Defendants correctly argue that liability for negligent misrepresentation may attach only where plaintiffs establish that defendants breached a duty owed to them. In order to evaluate plaintiffs' claim of negligent misrepresentation, the Court needs to consider the facts of this case in light of the following six factors listed in *Goodman v. Kennedy*, 18 Cal.3d 335, 134 Cal.Rptr. 375, 556 P.2d 737 (1976), the leading California Supreme Court case on the liability of professionals for negligent representation, to wit: (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of the harm; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the

connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to defendant's conduct; and (6) the policy reasons behind preventing future harm. *Id.* at 342, 134 Cal.Rptr. 375, 556 P.2d 737.

█ Plaintiffs have not established the six *Goodman* factors. "Aftermarket" misrepresentations (i.e., statements made after a public stock offering rather than in the offering prospectus) are not intended to induce investor stock purchases, but rather to inform existing stockholders of corporate developments and to meet Securities and Exchange Commission ("SEC") reporting requirements.

Unlike statements made in connection with a public offering, claims arising out of statements made in routine SEC filings, press releases, and shareholder reports are not intended to affect future shareholders. Plaintiffs' theory of negligent liability was unnecessary in view of the broad protections already afforded plaintiffs under the securities laws.

Plaintiffs rely on *International Mortgage Co. v. John P. Butler Accountancy Corp.*, 177 Cal.App.3d 806, 223 Cal.Rptr. 218 (1986), in trying to establish their negligent misrepresentation claims. In refusing to dismiss the claim for negligent misrepresentation in that instance, however, the *Butler* Court emphasized the defendants' special status as independent auditors who issued certified financial statements. Furthermore, plaintiffs' brief ignores later decisions critical of *Butler's* foreseeability test. *See e.g. Christiansen v. Roddy*, 186 Cal.App.3d 780, 787, 231 Cal.Rptr. 72 (1986) (rejecting *Butler's* foreseeability standard as an "aberrant viewpoint").

█ Tort claims of negligent misrepresentation cannot be made on the basis of alleged misstatements in routine public business announcements. Count III of plaintiffs' amended complaint fails to state a claim against Wyse Technology, and is hereby dismissed in accordance with Rule 12(b)(6).

### C.

█ The situation with respect to Arthur Young is slightly different. The complaint alleges that Arthur Young audited and issued unqualified opinions on the financial statements of Wyse Technology. It is further alleged that Arthur Young knew of or recklessly disregarded: (1) overstatements of reported sales and net income, (2) improper revenue recognition techniques, (3) overstatement of inventory and accounts receivable, and (4) failure to maintain adequate warranty and return reserves.

Regardless of these allegations, Arthur Young asserts that it owed no duty of care to plaintiffs, who were open-market purchasers of stock who do not claim to have received or relied personally on the financial statements issued by Arthur Young.

Plaintiffs rely on *Butler* to try to establish a duty of Arthur Young to plaintiffs. In *Butler*, the duty of an independent auditor was extended to "reasonably foreseeable" persons who actually receive and rely on negligently prepared, unqualified audited financial statements. *Butler*, 177 Cal. App.3d at 820, 223 Cal.Rptr. 218.

Arthur Young rebuts plaintiffs' position by arguing that the holding in *Butler* should not be expanded to cover persons, such as plaintiffs here, who did not personally receive, read, or rely on the financial statements or opinions of the auditor. According to Arthur Young, the establishment of a duty in *Butler* was based specifically on the finding that the plaintiffs actually received and relied upon the auditors' statement.

Arthur Young's assessment of the *Butler* case is convincing. The Court in *Butler* actually distinguished *Goodman v. Kennedy*, where no duty was found owed by the professional to the plaintiff on the specific grounds that the plaintiff in *Goodman* in contrast to the plaintiff in *Butler*, had neither seen nor relied on the alleged misrepresentations:

> In *Goodman*, the attorney-defendant gave confidential information to his client regarding a pending SEC registration. The client, *without mentioning the attorney's advice*, sold stock to the

buyer-plaintiff. The attorney's advice was incorrect, and the buyer-plaintiff suffered damages when the SEC cancelled the registration. The court held that the attorney did *not* owe the third party buyers a duty of care because the advice was not transmitted to them. Although the client relied on the attorney's advice, the buyers did not.

.     .     .     .     .

Here, as distinguished from *Goodman*, the plaintiff did receive and rely upon the alleged misrepresentation.

*Butler* at 814, 223 Cal.Rptr. 218.

In this case, plaintiffs have not alleged that they received and relied on the financial statements prepared by Arthur Young. Instead they rely on a "fraud on the market" theory under which they claim that financial statements prepared by independent accountants are reflected in the market "prices" of stock and that it does not matter whether plaintiffs actually read or rely upon the actual statements of the independent auditors or whether they merely rely on the market price, which reflect the statements made by independent auditors.

Plaintiffs' argument is not convincing in light of *Goodman*. Here, plaintiffs are too far removed from Arthur Young's actions to have been owed a duty. Measuring an accountant's duty by a "fraud-on-the-market" concept would effectively eliminate the *Goodman* requirement of "closeness." Furthermore, the work performed by Arthur Young for Wyse Technology was not intended to affect plaintiffs, and any harm they suffered was not foreseeable.

Plaintiffs here do not allege that they relied upon the statements of Arthur Young but that they relied upon the market. Plaintiffs would like the Court to adopt the proposition that an independent auditor ought to answer for malpractice to the investing public at large when the individual investors have never seen or actually relied on the auditors' opinion. This is unnecessary given that plaintiffs already are well protected from securities law violations by an elaborate statutory scheme.

Plaintiffs have failed to provide a convincing argument for imposing a far-reaching duty on independent auditors to the investing public for statements made that are neither received nor relied upon by the public. The claim in Count III of negligent misrepresentation should be dismissed as to Arthur Young.

### III.

■ Wyse Technology filed a motion for an order renewing the stay of discovery imposed previously. Arthur Young joined in the motion to renew the stay of discovery. After review of the briefs filed in support of and in opposition to the motion to dismiss, there is no greater indication now than at the time the stay was imposed that the complaint will ultimately be upheld. "Discovery allows parties to develop the facts underlying their claims and defenses; it is not a vehicle for uncovering the claim themselves." *McFarland v. Memorex Corp.*, 493 F.Supp. 631, 639 (N.D. Cal.1980).

In this case, the expense and inconvenience of unnecessary discovery should be avoided until a new complaint is filed and its adequacy tested.

### IV.

Accordingly,

IT IS HEREBY ORDERED THAT:

1. Counts I and II of plaintiffs' amended complaint, as to Wyse Technology and Arthur Young, are dismissed with leave to amend, for failure to plead fraud with adequate specificity required by Federal Rule of Civil Procedure Rule 9(b).

2. Count III of plaintiffs' amended complaint as to Wyse Technology and Arthur Young is dismissed with prejudice for failure to state a claim upon which relief can be granted.

3. Defendants' motion to renew the stay of discovery is granted.