Joseph COLAPRICO and Joel Gerber, Plaintiffs,

v.

SUN MICROSYSTEMS, INC., et al., Defendants.

Civ. No. 90–20610–SW.

United States District Court, N.D. California.

March 13, 1991.

Reed R. Kathrein, San Francisco, Cal., for plaintiffs.

Robert P. Feldman, Palo Alto, Cal., for defendants.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' STATE LAW CLAIM FOR NEGLIGENT MISREPRESENTATION AND DENYING DEFENDANTS' MOTION TO STRIKE PARAGRAPHS 29 AND 38 OF PLAINTIFFS' FIRST AMENDED COMPLAINT

SPENCER WILLIAMS, District Judge.

Defendants move to dismiss count III and to strike paragraphs 29 and 38 of the first amended complaint. Because count III of the complaint states a valid claim for negligent misrepresentation under California law, defendants' motion to dismiss this claim is DENIED. Because paragraphs 29 and 38 of the complaint are not clearly irrelevant to a determination of plaintiffs' claims, defendants' motion to strike those paragraphs is DENIED.

## BACKGROUND

Although this class action has not yet been certified, plaintiffs' proposed class consists of those investors who purchased Sun Microsystems Inc. stock between August 9, 1990 and October 23, 1990. The complaint states that defendants issued, or caused to be issued, several misleading positive statements and forecasts, upon which plaintiffs relied in making their investments. Plaintiffs further allege that they suffered losses when the company's actual earnings fell short of the projected earnings, and the value of the stock dropped.

## DISCUSSION

### I. MOTION TO DISMISS THE CLAIM FOR NEGLIGENT MISREPRESENTATION

#### A. *Introduction*

Plaintiffs' first amended complaint is divided into three counts: (1) violation of sections 10(b) and 20(a) of the Securities Exchange Act and Rule 10b–5, (2) fraud and deceit, and (3) negligent misrepresentation. Defendants now seek to dismiss the third count because it is based entirely on statements issued after the corporation sold its stock to the public. Defendants

argue that California law does not hold them liable to the general public for statements contained in reports and press releases addressed to analysts, their shareholders, and the SEC.

In response, plaintiffs contend that California law extends liability for negligent misrepresentation not simply to the express addressees of the statements, but to all the intended recipients. Therefore, plaintiffs argue, the complaint's allegation that the statements were intended to influence the investing public prevents a dismissal under Fed.R.Civ.P. 12(b)(6).

### B. *Legal Standards*

1. Fed.R.Civ.P. 12(b)(6) Motion to Dismiss

■ Under the liberal federal pleading policies, a plaintiff need only give defendant fair notice of the claims against it. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A claim should not be dismissed unless it is certain that the law would not permit the requested relief even if all of the allegations in the complaint were proven true. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987).

2. Liability for Negligence under California Law

■ Under California law, a person who makes false statements, honestly believing they are true, but without reasonable ground for such belief, may be liable for negligent misrepresentation. Witkin, *Summary of California Law* Torts § 720. Significantly, however, the scope of liability for negligent misrepresentation is not as broad as in other fields of negligence. *Id.* at § 721. For one thing, only those people for whom the representation was intended may recover damages on a negligent misrepresentation theory. *Id.; Christiansen v. Roddy*, 186 Cal.App.3d 780, 787, 231 Cal.Rptr. 72, 76 (1986); *Hawkins v. Oakland Title Ins. & Guaranty Co.*, 165 Cal. App.2d 116, 128, 331 P.2d 742 (Ct.App. 1958). Moreover, liability under this theory does not extend to all foreseeable damages, but only to those damages resulting from the action that the defendant intended to induce. Witkin, *Summary of California Law* Torts § 721.

■ Additionally, California law limits the extent to which individuals who are not parties to a contract can sue for negligent performance of the contract, particularly where the conduct threatens only intangible interests. *Goodman v. Kennedy*, 18 Cal.3d 335, 134 Cal.Rptr. 375, 556 P.2d 737 (1976). In *Goodman*, the defendant, an attorney, misinformed the two principle officers of a corporation that they could sell shares issued to them as stock dividends without jeopardizing an exemption from a securities registration requirement. When the officers decided to sell the stock, the plaintiffs' attorney contacted the defendant regarding its purchase. In that conversation, the defendant failed to inform the plaintiffs' attorney of various considerations relating to the stock's registration exemption. Naturally, the plaintiffs' attorney, in turn, did not mention these things to the plaintiffs. Consequently, the plaintiffs bought the stock and soon suffered losses when the SEC suspended the registration exemption and the stock's value fell.

The *Goodman* plaintiffs sued, basing their negligence claim on the defendant's (1) negligent advice to his own clients that the stock could be sold without affecting the registration exemption, and (2) conscious nondisclosure of matters which would have indicated that the registration exemption might be affected. With respect to the plaintiffs' second basis for liability, the *Goodman* court ruled that the allegations of defendant's nondisclosure did not state a legal claim absent (1) an allegation of affirmative misrepresentation or (2) an allegation that the nondisclosure made some other statement misleading.

More relevant to this case is the *Goodman* court's ruling regarding the defendant's advice to his own clients. Because the California Supreme Court had earlier held an attorney liable to putative will beneficiaries for negligently preparing a client's will, the plaintiffs attempted to

draw analogies to themselves. The plaintiffs conceded that they, like will beneficiaries, were not the direct recipients of the attorney's advice. Nevertheless, they argued, the defendant's advice pertained to the sale of his client's stock, so it was intended to affect the purchasers, just as a probate attorney's advice is intended to affect the beneficiaries of the will.

The *Goodman* court flatly rejected this argument, pointing out that the plaintiffs were not persons upon whom the defendant's clients had any wish or obligation to confer a benefit. Because the plaintiffs stood at arm's length from the defendant's clients, there was no basis for a comparison to the beneficiaries of a will. Otherwise, the *Goodman* court pointed out, an attorney's need to protect himself from liability to *all* parties to a transaction would interfere with his role as counselor to *one*. Consequently, the court held that the plaintiffs could not sue the defendant for injuries caused by his poor advice to his clients.

### C. *Analysis*

#### 1. Defendants' Position

Defendants point out that plaintiffs base their negligent misrepresentation claim on "aftermarket" statements. Aftermarket statements are statements that a company makes in "general public pronouncements" (including press releases, quarterly and annual reports, financial statements, and statements to investment analysts) after the company has sold its stock to the public. Such statements are intended to inform existing shareholders and the SEC of the company's business and financial status, not to induce the purchase of stock.

Defendants argue that, as a matter of law, the aftermarket statements cannot support a negligent misrepresentation claim because the information was not addressed to plaintiffs. As defendants view it, the plaintiffs in this case are in the same position as the plaintiffs in *Goodman v. Kennedy*, 18 Cal.3d 335, 134 Cal.Rptr. 375, 556 P.2d 737 (1976) (discussed above). In both cases the plaintiffs allegedly relied to their detriment on information that was not given to them, but was given to potential sellers of stock. Defendants argue that the *Goodman* holding requires this court to dismiss the claim for negligent misrepresentation.

#### 2. Plaintiffs' Position

In response, plaintiffs point out that their complaint alleges that *they*, not the shareholders or the SEC, were the true intended recipients of defendants' statements. Although the statements were not expressly addressed to them, plaintiffs allege that defendants issued the statements in order to artificially inflate the price of the common stock. First Amended Complaint ¶ 25. The complaint states that the representations were made to *plaintiffs*. *Id.* at ¶ 63. Thus, plaintiffs argue that *Goodman* does not bar their claim because they, unlike the *Goodman* plaintiffs, were the intended recipients of the misinformation.

#### 3. Case Authority in this District

Courts in this district have gone both ways when confronted with a motion to dismiss a negligent misrepresentation claim based solely on aftermarket statements. The claims were dismissed in *In re Sun Microsystems, Inc. Securities Litigation*, [1990 Tr. Binder] Fed.Sec.L.Rep. (CCH) ¶ 95,504, at 97,641, 1990 WL 169140 (N.D. Cal. August 20, 1990), *Alfus v. Pyramid*, 745 F.Supp. 1511, 1523–24 (N.D.Cal.1990), *In re Wyse Technology Securities Litigation*, 744 F.Supp. 207, 208–09 (N.D.Cal. 1990), *In re Genentech Securities Litigation*, [1989 Tr. Binder] Fed.Sec.L.Rep. (CCH) ¶ 94,544, at 93,481, 1989 WL 106834 (N.D.Cal. July 7, 1989), *Levy v. Eletr*, 724 F.Supp. 1269, 1272–73 (N.D.Cal.1989), *In re Seagate Technology II Securities Litigation*, [1989 Tr. Binder] Fed.Sec.L.Rep. (CCH) ¶ 94,502, at 93,204, 1989 WL 222969 (N.D.Cal. May 3, 1989), *In re Worlds of Wonder Securities Litigation*, 694 F.Supp. 1427, 1436 (N.D.Cal.1988), and *Weinberger v. Schroeder*, No. C–84–20757–WAI, Slip op. at 9 (N.D.Cal. Oct. 28, 1986).

On the other hand, the claims were upheld in *In re Adobe Systems, Inc. Securities Litigation*, No. C–90–2453–SC, Slip.

op. at 14–15 (N.D.Cal. March 1, 1991), *In re 3Com Securities Litigation*, 761 F.Supp. 1411, 1419 (N.D.Cal.1990) (claim dismissed on other grounds), *In re Convergent Technologies Second Half 1984 Securities Litigation*, No. C–85–20130, Slip op., 1988 WL 215412 (N.D.Cal. May 23, 1988), and *Gaillard v. Young*, No. C–85–2373–RFP, Slip op. at 9, 1985 WL 5814 (N.D.Cal. July 15, 1985).

■ Significantly, the opinions in the first group of cases do not discuss whether the complaints involved contained allegations that the misleading statements were intended for the investing public to inflate the market price of stock. The complaints involved in the second group of cases all contained such allegations. District Judges Samuel Conti and William Ingram, who authored opinions in both groups, cited this difference as the reason for the inconsistency in their rulings. *In re Adobe Systems*, Slip op. at 15; *In re 3Com*, —— F.Supp. at ——. Combining both groups of cases, the holding to be drawn is thus clear: So-called aftermarket statements cannot support a claim for negligent misrepresentation unless there is also an allegation that the statements were issued for the purpose of inflating the market value of the company's common stock.

■ This result, derived from the federal cases in this district, falls squarely within California's rule limiting liability for negligent misrepresentation to the intended recipients of the statement. Moreover, the result seems to pass the often-cited six-factor balancing test for determining defendant's duty that is briefly mentioned in *Goodman v. Kennedy*, 18 Cal.3d 335, 134 Cal.Rptr. 375, 556 P.2d 737 (1976) (discussed above).[1] Although the test is too pliable, and thus unreliable, for close cases,

the allegation in this case that the misrepresentations were *intended* for plaintiffs tips the scales sharply in favor of liability. Therefore, California law clearly supports a ruling that liability for negligent misrepresentations in aftermarket statements extends to all of the intended recipients.

As a result of this ruling, an investor who brings a claim for negligent misrepresentation alleging that the defendant intended to artificially inflate the market will survive a Fed.R.Civ.P. 12(b)(6) motion to dismiss. This must be the result because the court cannot inquire beyond the face of the complaint on a motion to dismiss. Nevertheless, corporate officers and directors are not left exposed to boundless liability, because the plaintiff will still have the burden of proving this intent as part of her case. If the allegation of intent is completely baseless, the claim will quickly fall on a motion for summary judgment.

For all of the foregoing reasons, defendants' motion to dismiss plaintiffs' state law claim for negligent misrepresentation must be DENIED.

## II. MOTION TO STRIKE PARAGRAPHS 29 AND 38 OF THE COMPLAINT

### A. *Fed.R.Civ.P. 12(f) Motion to Strike*

■ Under Fed.R.Civ.P. 12(f), a court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Naton v. Bank of California*, 72 F.R.D. 550, 551 n. 4 (N.D. Cal.1976) (citing 2A J. Moore, *Federal Practice* ¶ 12.21[2] at 2429 (2d ed.1975)).

---

1. The six factors listed in the *Goodman* opinion are: "the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm." *Goodman* 18 Cal.3d at 343, 134 Cal.Rptr. at 380, 556 P.2d at

742 (citing *Biakanja v. Irving*, 49 Cal.2d 647, 650, 320 P.2d 16 (1958)). California courts developed the test to determine whether or not a defendant's liability for negligent performance of a contract extends to those not in privity. *Biakanja v. Irving*, 49 Cal.2d 647, 320 P.2d 16 (1958) (holding defendant notary public liable to will beneficiary for negligent supervision of will's attestation).

1340

## B. *Analysis*

Because paragraphs 29 and 38 of plaintiffs' First Amended Complaint refer only to statements of past historical fact, defendants argue that they cannot be misleading and thus should be stricken. This court, however, rejects defendants' implied assertion that the paragraphs of a complaint can be viewed in isolation. Instead, as District Judge Jensen held in *In re Genentech, Inc. Securities Litigation,* [1989 Tr. Binder] Fed.Sec.L.Rep. (CCH) ¶ 94,544 (N.D.Cal.1989), the many statements "must be viewed as part of a 'mosaic' to see if these statements, in the aggregate, created a misleading impression." *Id.* at 93,479.

When paragraphs 29 and 38 are considered in conjunction with the complaint's other allegations of glowing predictions, misleading statements, and material omissions, this court cannot say that the paragraphs contribute nothing to plaintiffs' claims. Consequently, defendants' motion to strike paragraphs 29 and 38 of plaintiffs' First Amended Complaint must be DENIED.

IT IS SO ORDERED.